# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MARGARET A. BAYS,**
**Claimant Below, Petitioner**

**FILED**

August 24, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-1018**  (BOR Appeal No. 2051239)
(Claim No. 2015008238)

**RALEIGH COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Margaret A. Bays, by Reginald Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Raleigh County Board of Education, by Lisa Warner Hunter, its attorney, filed a timely response.

The issue presented in the instant appeal is the closure of Ms. Bays's claim for workers' compensation benefits on a temporary total disability basis. On August 31, 2015, the claims administrator closed Ms. Bays's claim on a temporary total disability basis. The Office of Judges affirmed the claims administrator's decision on April 15, 2016. This appeal arises from the Board of Review's Final Order dated September 28, 2016, in which the Board affirmed the Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Bays fractured her left hip when she fell on September 16, 2014, during the course of her employment with the Raleigh County Board of Education. She was immediately treated in the emergency department of Raleigh General Hospital, and the left hip fracture was surgically repaired by Matthew Nelson, M.D., on September 17, 2014. On December 24, 2014, Ms. Bays's claim for workers' compensation benefits was held compensable for a closed fracture of the

1

intertrochanteric section of the neck of the left femur and a closed fracture of the neck of the left femur. Additionally, temporary total disability benefits were granted from September 17, 2014, through January 22, 2015. On June 5, 2015, additional temporary total disability benefits were authorized from April 7, 2015, through August 12, 2015.

On June 25, 2015, Ms. Bays sought treatment with S. Brett Whitfield, M.D., amid complaints of ongoing left hip pain. She was diagnosed with avascular necrosis of the left hip and symptomatic retained hardware in the left hip. A total left hip arthroplasty was recommended. Additionally, Dr. Whitfield opined that the initial treatment rendered by Dr. Nelson was appropriate. He further indicated that he is not an in-network healthcare provider for the claims administrator in the instant claim. However, Dr. Whitfield subsequently performed a total left hip arthroplasty.

On July 31, 2015, the claims administrator declared an overpayment of temporary total disability benefits from June 23, 2015, through July 31, 2015, based upon its determination that Ms. Bays's employment contract did not cover those dates. In a separate decision dated July 31, 2015, the claims administrator suspended Ms. Bays's temporary total disability benefits based upon its finding that she failed to provide evidence that she continued to be temporarily totally disabled. The claims administrator closed her claim on a temporary total disability basis on August 31, 2015.

On September 29, 2015, Dr. Whitfield authored a letter indicating that Ms. Bays's development of avascular necrosis of the left hip arose from a disruption in blood flow to the femoral head, which is a recognized potential complication associated with injuries similar to that sustained by Ms. Bays. Dr. Whitfield also stated that Ms. Bays remains temporarily totally disabled.

On March 8, 2016, Tanya Roberts, the claims administrator's case manager for the instant claim, authored an affidavit. Ms. Roberts stated that Dr. Whitfield is not an in-network healthcare provider for the claims administrator. She further stated that a request for pre-approval of treatment with Dr. Whitfield was never submitted. Finally, Ms. Roberts stated that she issued an Order closing the claim on a temporary total disability basis because, as an out-of-network provider, Dr. Whitfield cannot certify a period of temporary total disability.

In its Order affirming the August 31, 2015, claims administrator's decision, the Office of Judges held that Ms. Bays is not entitled to additional temporary total disability benefits pursuant to the provisions of West Virginia Code of State Rules § 85-21-9.5 (2005). The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated September 28, 2016.

At the outset, the Office of Judges found that the evidence of record demonstrates that Ms. Bays was temporarily totally disabled as a result of the compensable injury on August 31, 2015, which is the date that her claim was closed on a temporary total disability basis. Specifically, the Office of Judges found that Dr. Whitfield explained that Ms. Bays developed avascular necrosis as a result of the compensable injury. The Office of Judges further found that

Ms. Bays underwent a left hip total arthroplasty on August 10, 2015, for the treatment of the avascular necrosis, from which she was continuing to recover as of the date of the closure of the claim. However, the Office of Judges also found that Dr. Whitfield is not an in-network healthcare provider for the claims administrator. The Office of Judges then looked to West Virginia Code of State Rules § 85-21-9.5, which provides that "[t]emporary total disability must be certified by a provider within the approved managed health care plan, unless the opt-out provisions of this rule have been satisfied." Additionally, the Office of Judges looked to our decision in *Galen D. Butts v. MA Bongiovanni, Inc.,* No. 14-0473, 2015 WL 5883330 (W.Va. Oct. 7, 2015)(memorandum decision), in which we affirmed the closure of Mr. Butts's claim on a temporary total disability basis pursuant to the provisions of West Virginia Code of State Rules § 85-21-9.5. Therefore, pursuant to its application of West Virginia Code of State Rules § 85-21-9.5 and our decision in *Butts*, the Office of Judges determined that the claims administrator properly closed the claim on a temporary total disability basis. The Board of Review affirmed the reasoning and conclusions of the Office of Judges.

On appeal, Ms. Bays asserts that the Office of Judges and Board of Review erred by failing to analyze the claim pursuant to the opt-out provision referenced within West Virginia Code of State Rules § 85-21-9.5. She further asserts that pursuant to the opt-out provision, Dr. Whitfield is eligible to certify a period of temporary total disability. The opt-out provision referenced within West Virginia Code of State Rules § 85-21-9.5 is enumerated within West Virginia Code of State Rules § 85-21-13.2 (2005) and states:

> *Injured workers may access providers who are not participating plan providers for treatment purposes only if the injured worker has established by competent evidence all of the following: a. The injured worker has been treated by providers solely within the employer's managed care plan for a period of at least one (1) year;* b. That for reasons related to the treatment alone, the injured worker has not made progress toward recovery that is reasonably consistent with the Commission's or upon termination of the Commission, the insurance commissioner, treatment guidelines; c. That the injured worker establishes to a reasonable certainty that proposed treatment outside the employer's managed care plan would more likely provide the injured worker with a better clinical outcome than the current treatment or rehabilitation plan; and d. A condition of the right to opt out under this provision shall be that the services secured outside the plan are for treatment purposes only and the provider shall not be permitted to rate the injured worker for permanent partial or permanent total disability. Any provider providing services pursuant to this provision shall be barred from providing such a rating.

(Emphasis added). Although Ms. Bays is correct in her assertion that the Office of Judges and Board of Review seemingly failed to analyze her claim in relation to the opt-out provision, it is equally clear that the provision does not apply to the case at bar. The rule clearly provides that in

3

order for the opt-out provision to apply, an injured worker must have been treated solely by providers within the employer's managed care network for a period of at least one year. The evidentiary record clearly demonstrates that Ms. Bays was *not* treated solely by providers within the employer's managed care network for a period of at least one year. Dr. Whitfield, who is undisputedly not an in-network healthcare provider for the claims administrator and on whose opinion Ms. Bays seeks to rely, initially treated her on June 25, 2015, which is approximately nine months after the date of the compensable injury. Moreover, Dr. Whitfield performed an unauthorized left hip arthroplasty less than ten months after the date of the compensable injury. It is therefore clear that the opt-out provision does not apply to the case at bar, and Dr. Whitfield is ineligible to certify a period of temporary total disability in the instant claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 24, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4